08 C 385

JUDGE ST. EVE
MAGISTRATE JUDGE KEYS

# Exhibit 1

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

(Name all parties)

Shawn Holbrook

v.

Marriott International, Inc.

} No. **07CH35691**

Marriott International, Inc.
c/o Prentice Hall Corporation
33 North LaSalle Street
Chicago, Illinois 60602

### SUMMONS

To each Defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room _____802_____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 42566

WITNESS,_____, _____,

Name: Buehler & Williams

Atty. for: Plaintiff

Address: 161 North Clark Street, Suite 2210

_____
Clerk of Court

City/State/Zip: Chicago, Illinois 60601

Date of service: _____, _____,
(To be inserted by officer on copy left with defendant or other person)

Telephone: (312) 372-2209

Service by Facsimile Transmission will be accepted at: _____

(Area Code)    (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



CORPORATION SERVICE COMPANY·

## Notice of Service of Process

SLM / ALL
Transmittal Number: 5500232
Date Processed: 12/19/2007

Primary Contact:
Maureen Del Duca
Marriott International, Inc.
10400 Fernwood Road
Bethesda, MD 20817

Copy of transmittal only provided to:
Barney Joseph
Doris Spinks
Kimberly Florczyk

| | |
|---|---|
| Entity: | Marriott International, Inc.<br>Entity ID Number 1722823 |
| Entity Served: | Marriott International, Inc. |
| Title of Action: | Shawn Holbrook vs. Marriott International, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Cook Circuit Court, Illinois |
| Case Number: | 07CH35691 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 12/19/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Terrence Beuhler<br>312-372-2209 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| SHAWN HOLBROOK, on behalf of<br>himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.<br>Judge |
| v. | ) ) | **07CH35691** |
| MARRIOTT INTERNATIONAL, INC., | ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff SHAWN HOLBROOK, on behalf of himself and all others similarly situated, by his attorneys, for his complaint against Defendant MARRIOTT INTERNATIONAL, INC. ("Marriott"), states as follows:

### NATURE OF THE CASE

1.    This is an action for breach of contract and violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.* (the "IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.* (the "IWPCA") for Marriott's failure to pay regular and overtime wages to Mr. Holbrook and other similarly situated employees.  Through its unlawful compensation practices Marriott has denied Mr. Holbrook and other similarly situated employees their earned living wages.

### PARTIES

2.    Plaintiff Shawn Holbrook is a resident of Oswego, Illinois.  Mr. Holbrook was employed by Marriott from November 2000 to August 2007 in Oak Brook, Illinois.

3.     At all relevant times, Mr. Holbrook was employed by Marriott as an "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1), IMWL, 820 ILCS § 105/3(d), and IWPCA, 820 ILCS § 115/2.

4.     Defendant Marriott International, Inc. is a Delaware corporation with its principal executive offices in Maryland.  Marriott managed the work of Mr. Holbrook and other similarly situated employees and controlled the amount of overtime they were required to work.

5.     At all relevant times, Marriott was Mr. Holbrook's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), IMWL, 820 ILCS § 105/3(c), and IWPCA, 820 ILCS § 115/2.

### JURISDICTION & VENUE

6.     This Court has jurisdiction of this action under 735 ILCS § 5/2-209 because it arises from the transaction of business within the State of Illinois and the making and performance of a contract substantially connected with the State of Illinois.

7.     Venue is proper in this county under 735 ILCS § 5/2-101 because all Defendants are nonresidents of the State of Illinois.

### FACTUAL ALLEGATIONS

8.     Mr. Holbrook began his employment with Marriott in June 2003 when he took the position of Area Information Systems Manager.

9.     As a result of a restructuring in 2005, Marriott verbally offered Mr. Holbrook the position of Multi-Property Systems Manager in June 2005.  On or about June 29, 2005, Marriott confirmed its verbal offer in a letter to Mr. Holbrook, and Mr. Holbrook accepted the offer on or about July 6, 2005.

10.    Marriott's June 29, 2005 offer letter to Mr. Holbrook promised Mr. Holbrook an annual salary of $59,134.40 and states that the position is "non-exempt."

11.    Although Marriott and Mr. Holbrook agreed to an annual salary of $59,134.40, Marriottt paid him on an hourly basis.  For example, in 2006 Marriott paid Mr. Holbrook $21.28 per hour and in 2007 Marriott paid Mr. Holbrook $21.76 per hour.

12.    These hourly rates were substantially lower than the annual salary Marriott agreed to pay Mr. Holbrook in its June 29, 2005 offer letter offering Mr. Holbrook an annual salary of $59,134.40.  Because the parties had no agreement to the contrary, Marriott should have calculated Mr. Holbrook's hourly wage using a forty hour work week.  Assuming fifty-two weeks in a year and forty hours per work week, Marriott should have paid Mr. Holbrook an hourly wage of $28.43 per hour—approximately $7.00 per hour more than it actually paid him.

13.    During the course of Mr. Holbrook's employment, Marriott also directed Mr. Holbrook to work in excess of forty (40) hours in individual work weeks, and Mr. Holbrook routinely worked in excess of forty (40) hours in individual work weeks.

14.    Because Marriott miscalculated Mr. Holbrook's regular rate of compensation as per his employment contract, it also underpaid him for the overtime he worked.

15.    Given that Marriott explicitly recognized Mr. Holbrook's position as non-exempt in its offer letter of June 29, 2005, it was plainly aware of the FLSA and IMWL's overtime requirements and exemption provisions.  Consequently, its refusal to pay Mr. Holbrook overtime as required by those laws constituted a willful violation of the acts.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

16.    When Marriott underwent a restructuring in 2005, it changed several other salaried employees, like Mr. Holbrook, to hourly employees.  The exact number of employees is

3

unknown but can be ascertained in discovery. On information and belief, these employees' hourly rates were also miscalculated by Marriott and they were also underpaid both regular and overtime wages.

**IMWL and IWPCA Claims – Class Action Allegations**

17.    Plaintiff brings Count I of this action (breach of contract) on behalf of an opt-out class defined as all salaried employees of Marriott, its subsidiaries and affiliated companies who were reclassified as hourly employees and paid an hourly wage lower than their previously agreed upon salary from the period beginning ten (10) years before this action was filed to the entry of a final judgment in this action.

18.    Plaintiff brings Count II of this action (violation of the IWPCA) on behalf of an opt-out class defined as all Illinois employees of Marriott, its subsidiaries and affiliated companies who were reclassified as hourly employees and paid an hourly wage lower than their previously agreed upon salary from the period beginning five (5) years before this action was filed to the entry of a final judgment in this action.

19.    Plaintiff brings Count III of this action (violation of the IMWL) on behalf of an opt-out class defined as all Illinois employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week but received less than one and one-half times the regular rate of compensation to which they were entitled from the period beginning three (3) years before this action was filed to the entry of a final judgment in this action.

20.    Plaintiff brings Count IV of this action (violation of the IWPCA) on behalf of an opt-out class defined as all Illinois employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week but received less

than one and one-half times the regular rate of compensation to which they were entitled from the period beginning five (5) years before this action was filed to the entry of a final judgment in this action.

21.    *Numerosity.*    The Class is so numerous that joinder of all members is impracticable. Although the exact number of members is presently unknown, it is likely that the Class will include hundreds of individuals. These individuals can be identified and located using payroll and personnel records that Defendants are required to maintain under Illinois law.

22.    *Commonality & Predominance.*    There are questions of both fact and law common to the class, which predominate over any questions affecting only individual members. Such questions include, *inter alia*, the following:

    a.    How Marriott calculated hourly rates when reclassifying certain salaried employees to hourly employees;

    b.    Whether Marriott's calculation or miscalculation of hourly rates constituted a breach of contract or violation of the Illinois Wage Payment and Collection Act;

    c.    Whether Marriott's calculation or miscalculation of hourly rates also resulted in an underpayment of overtime;

    d.    Whether Marriott's underpayment of overtime constituted a violation of the Illinois Minimum Wage Act; and

    e.    Whether Marriott's underpayment of overtime was willful.

23.    *Typicality.*    Plaintiff's claims are typical of the claims of the Class. Plaintiff suffered similar injuries as those suffered by other members of the Class as a result of Defendant's failure to pay overtime.

24.    *Adequacy.*    Plaintiff and his attorneys will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the members of the

5

Class he seeks to represent, and Plaintiff has retained competent attorneys experienced in class action litigation of this type who are committed to prosecuting this action.

25.     ***Appropriateness.***    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  Class action treatment will allow a large number of similarly situated persons to simultaneously prosecute their common claims in a single forum efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.  Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiff and the members of the Class to bring individual claims.  The presentation of separate actions by individual class members could also create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and substantially impair the ability of class members to protect their interests.

**FLSA Claims – Collective Action Allegations**

26.     Plaintiff brings Count V of this action (violation of the FLSA) on behalf of an opt-in class defined as all employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week but received less than one and one-half times the regular rate of compensation to which they were entitled from the period beginning three (3) years before this action was filed to the entry of a final judgment in this action.

27.     Given the predominating common issues of fact and law described above, Plaintiff and the opt-in class are similarly situated employees as defined by the FLSA.

28.     Plaintiff's written consent to serve as a representative in this action is attached hereto as Exhibit A.

6

## COUNT I

### Breach of Contract

29.     Plaintiff repeats and re-alleges every paragraph above as though fully set forth herein.

30.     Marriott offered Mr. Holbrook employment at an annual salary of $59,134.40 and Mr. Holbrook accepted its offer.

31.     The parties' agreement was supported by mutual consideration, namely Mr. Holbrook's promise to perform the duties of Multi-Property Systems Manager and Marriott's promise to pay Mr. Holbrook an annual salary of $59,134.40 plus other benefits.

32.     Marriott breached its agreement by paying Mr. Holbrook an hourly rate that falls well short of the $59,134.40 annual salary he was promised.

33.     Mr. Holbrook has been damaged by Marriott's breach of his employment contract.

WHEREFORE, Mr. Holbrook prays that this Court enter a judgment in his favor and against Marriott as follows:

a.      Certifying an opt-out class defined as all salaried employees of Marriott, its subsidiaries and affiliated companies who were reclassified as hourly employees and paid an hourly wage lower than their previously agreed upon salary from the period beginning ten (10) years before this action was filed to the entry of a final judgment in this action;

b.      Awarding Mr. Holbrook and the Class actual damages in the amount of the difference between the annual salary they were offered and the hourly rates that they were actually paid; and

7

c.    Awarding Plaintiff and the Class such further relief as the Court deems

just.

## COUNT II

### Violation of the Illinois Wage Payment
### and Collection Act, 820 ILCS § 115/1, *et seq.*

34.    Plaintiff repeats and re-alleges every paragraph above as though fully set forth

herein.

35.    Under the IWPCA, 820 ILCS §§ 115/3 to 115/5, employers are required to pay

employees all wages earned by the employee on a monthly or semi-monthly basis, and such

wages must be paid within a stated time after each pay period.

36.    Under the IWPCA, wages are defined as "any compensation owed an employee

by an employer pursuant to an employment contract or agreement between the 2 parties . . .."

820 ILCS § 115/2.

37.    Under the written employment agreement between the parties, Marriott agreed to

compensate Mr. Holbrook with an annual salary of $59,134.40.  This annual salary amounts to

an hourly rate of $28.43 per hour.

38.    Marriott violated the IWPCA by paying Mr. Holbrook less compensation than

$28.43 per hour as per his employment contract.

WHEREFORE, Mr. Holbrook prays that this Court enter a judgment in his favor and

against Marriott as follows:

a.    Certifying an opt-out class defined as all Illinois employees of Marriott, its

subsidiaries and affiliated companies who were reclassified as hourly

employees and paid an hourly wage lower than their previously agreed

8

upon salary from the period beginning five (5) years before this action was
filed to the entry of a final judgment in this action;

b.    Awarding Mr. Holbrook and the Class actual damages in the amount of
the difference between the annual salary they were offered and the hourly
rates that they were actually paid;

c.    Awarding Mr. Holbrook and the Class reasonable attorneys' fees and costs
incurred in bringing this action; and

d.    Awarding Mr. Holbrook and the Class such further relief as the Court
deems just.

## COUNT III

### Violation of the Illinois Minimum
### Wage Law, 820 ILCS § 105/1, *et seq.*

39.    Plaintiff repeats and re-alleges every paragraph above as though fully set forth
herein.

40.    Under the IMWL, 820 ILCS § 105/4a(1), employers are required to compensate
employees who work more than forty (40) hours in a work week at a rate not less than one and
one-half times the employee's regular rate of compensation.

41.    During the course of Mr. Holbrook's employment with Marriott, Marriott directed
Mr. Holbrook to work in excess of forty (40) hours in individual work weeks, and Mr. Holbrook
did work in excess of forty (40) hours in individual work weeks.

42.    Because Marriott failed to fully pay Mr. Holbrook his regular rate of
compensation as per his employment contract, it also paid him less than one and one-half times
his regular rate of compensation for the overtime he worked.

9

43.    Given that Marriott explicitly recognized Mr. Holbrook's position as non-exempt in its offer letter of June 29, 2005, it was aware of the IMWL and FLSA's overtime requirements and exemption provisions.  Consequently, its refusal to pay Mr. Holbrook overtime as required by these laws constituted a willful violation of the acts.

44.    As a result of Marriott's violation of the IMWL, Mr. Holbrook suffered damages because he was not compensated for the overtime that he worked at the appropriate hourly rate.

WHEREFORE, Mr. Holbrook prays that this Court enter a judgment in his favor and against Marriott as follows:

a.    Certifying an opt-out class defined as all Illinois employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week but received less than one and one-half times the regular rate of compensation to which they were entitled from the period beginning three (3) years before this action was filed to the entry of a final judgment in this action;

b.    Awarding Mr. Holbrook and the Class actual damages in the amount of one and one-half times their regular rate of compensation for all time they worked in excess of forty (40) hours in a given work week;

c.    Awarding Mr. Holbrook and the Class additional damages in the amount of 2% of the amount of underpayments for each month following the date of payment during which the underpayments remained unpaid;

d.    Awarding Mr. Holbrook and the Class reasonable attorneys' fees and costs incurred in bringing this action; and

10

e.    Awarding Mr. Holbrook and the Class such further relief as the Court deems just.

## COUNT IV

### Violation of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.*

45.    Plaintiff repeats and re-alleges every paragraph above as though fully set forth herein.

46.    Under the IWPCA, 820 ILCS §§ 115/3 to 115/5, employers are required to pay employees all wages earned by the employee on a monthly or semi-monthly basis, and such wages must be paid within a stated time after each pay period.

47.    Under the IWPCA, wages are defined as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . .." 820 ILCS § 115/2.

48.    Under the written employment agreement between the parties, Marriott agreed to compensate Mr. Holbrook with an annual salary of $59,134.40. This annual salary amounts to an hourly rate of $28.43 per hour.

49.    Under both federal and Illinois state law, Marriott was also obligated to pay Mr. Holbrook overtime wages at the rate of one and one-half times the rate of his regular compensation. Thus, the obligation to pay overtime at the correct rate became an implied in law term of Mr. Holbrook's employment contract.

50.    Because Marriott failed to fully pay Mr. Holbrook his regular rate of compensation as per his employment contract, it also paid him less than one and one-half times his regular rate of compensation for the overtime he worked.

11

51.     Marriott violated the IWPCA by failing to pay Mr. Holbrook for the overtime that he worked at the appropriate hourly rate.

WHEREFORE, Mr. Holbrook prays that this Court enter a judgment in his favor and against Marriott as follows:

a.      Certifying an opt-out class defined as all Illinois employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week but received less than one and one-half times the regular rate of compensation to which they were entitled from the period beginning five (5) years before this action was filed to the entry of a final judgment in this action;

b.      Awarding Mr. Holbrook and the Class actual damages (i) in the amount of the difference between the annual salary they were offered and the hourly rates that they were actually paid and (ii) in the amount of one and one-half times their regular rate of compensation for all time they worked in excess of forty (40) hours in a given work week;

c.      Awarding Mr. Holbrook and the Class reasonable attorneys' fees and costs incurred in bringing this action; and

d.      Awarding Mr. Holbrook and the Class such further relief as the Court deems just.

## COUNT V

### Violation of the Fair Labor
### Standards Act, 29 U.S.C. § 201, *et seq.*

52.     Plaintiff repeats and re-alleges every paragraph above as though fully set forth herein.

53.    Under the FLSA, 29 U.S.C. § 207(a)(1), employers are required to compensate employees who work more than forty (40) hours in a work week at a rate not less than one and one-half times the employee's regular rate of compensation.

54.    During the course of Mr. Holbrook's employment with Marriott, Marriott directed Mr. Holbrook's to work in excess of forty (40) hours in individual work weeks, and Mr. Holbrook did work in excess of forty (40) hours in individual work weeks.

55.    Because Marriott failed to fully pay Mr. Holbrook his regular rate of compensation as per his employment contract, it also paid him less than one and one-half times his regular rate of compensation for the overtime he worked.

56.    Given that Marriott explicitly recognized Mr. Holbrook's position as non-exempt in its offer letter of June 29, 2005, it was plainly aware of the FLSA's overtime requirements and exemption provisions.  Consequently, its refusal to pay Mr. Holbrook overtime as required by this law constituted a willful violation of the acts.

57.    As a result of Marriott's violation of the FLSA Mr. Holbrook suffered damages because he was not compensated for the overtime that he worked at the appropriate hourly rate.

WHEREFORE, Mr. Holbrook prays that this Court enter a judgment in his favor and against Marriott as follows:

    a.    Finding that Mr. Holbrook and all other employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week but received less than one and one-half times the regular rate of compensation to which they were entitled from the period beginning three (3) years before this action was filed to the

entry of a final judgment in this action are similarly situated and allowing this action to proceed as an opt-in representative action;

b.    Awarding Mr. Holbrook and all others similarly situated actual damages in the amount of one and one-half times their regular rate of compensation for all time they worked in excess of forty (40) hours in a given work week;

c.    Awarding Mr. Holbrook and all others similarly situated liquated damages in an amount that is equal to their actual damages;

d.    Awarding Mr. Holbrook and all others similarly situated reasonable attorneys' fees and costs incurred in bringing this action; and

e.    Awarding Mr. Holbrook and all others similarly situated such further relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  December 3, 2007            Respectfully submitted,

SHAWN HOLBROOK, on behalf of himself and all others similarly situated, Plaintiff

By: _____
One of His Attorneys

Terrence Buehler              Daniel K. Touhy
Jeffrey J. Halldin             TOUHY & TOUHY, LTD.
BUEHLER & WILLIAMS      161 North Clark Street
161 North Clark Street        Suite 2210
Suite 2210                Chicago, Illinois 60601
Chicago, Illinois 60601       (312) 372-2209
(312) 372-2209

14

## CONSENT TO BE PARTY PLAINTIFF

The undersigned hereby consents to be a party plaintiff in this action by asserting claims under the Fair Labor Standards Act on behalf of himself and all other employees similarly situated.

Dated: December _1_, 2007

Shawn Holbrook

# Exhibit A