**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SHAWN HOLBROOK, on behalf of | ) | |
| himself and all others similarly situated, | ) | |
| | ) | Case No.  08 C 385 |
| Plaintiff, | ) | |
| | ) | Judge Amy J. St. Eve |
| v. | ) | |
| | ) | Magistrate Judge Arlander Keys |
| MARRIOTT INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFF'S MOTION TO REMAND**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

I.  The Court Lacks Diversity Jurisdiction Because Marriott Has Not Shown
    that the Amount in Controversy Requirement Is Satisfied ................................................. 2

II. The Court Should Decline to Exercise Supplemental Jurisdiction Over
    Plaintiff's State Law Claims Because they Substantially Predominate Over
    His FLSA Claim ................................................................................................................ 4

CONCLUSION ........................................................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

*Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379 (7th Cir. 1996) ........................................... 4

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003) .................................................. 4, 5

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ............................................ 4

*Jackson v. City of San Antonio*, 220 F.R.D. 55 (W.D. Tex. 2003) ................................................ 4

*Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006) .......................................................... 3

*Sorenson v. CHT Corp.*, Nos. 03 C 1609 & 03 C 7362, 2004 WL 442638 (N.D. Ill. Mar. 10, 2004) ............................................................................................................ 4

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ............................................................... 5

**Statutes**

28 U.S.C. § 1332(a) ....................................................................................................... 2

28 U.S.C. § 1332(d)(5)(B) ............................................................................................... 4

28 U.S.C. § 1332(d)(6) ................................................................................................... 4

28 U.S.C. § 1367(c)(2) ................................................................................................... 4

28 U.S.C. § 1367(c)(4) ................................................................................................... 4

## INTRODUCTION

Scott Holbrook filed this action in the Circuit Court of Cook County, Illinois on December 5, 2007.  Holbrook claims that Marriott offered him a salaried position in June 2005, that he accepted the position, but Marriott then paid him on an hourly basis.  The main controversy in this action is whether Marriott properly calculated Holbrook's hourly wage when it converted him from a salaried to an hourly employee.  Holbrook alleges that Marriott should have calculated his hourly wage based upon a forty-hour work week; apparently, Marriott based its calculation upon a fifty-hour work week instead.

Holbrook asserts three claims under state law and one under federal law.  Counts I and II allege that Marriott's miscalculation of Holbrook's hourly rate and consequent underpayment of regular wages breached his employment contract and violated the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.*  Counts III, IV and V allege that Marriott's underpayment for regular hours resulted in underpayment for overtime hours in violation of the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.*, Illinois Wage Payment and Collection Act and Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

On January 17, 2008, Marriott removed the action to this Court.  In its Notice of Removal, Marriott alleges in relevant part as follows:

> 4.    Count five of Plaintiff's Complaint alleges that Defendant breached the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA") by failing to properly compensate him and a class of similarly situated employees for all overtime hours worked in excess of forty (40).  This claim arises under the laws of the United States under 28 U.S.C. § 1331 and may be removed to this Court under 28 U.S.C. §§ 1441(a) and (b).  The other claims asserted in the Complaint—breach of contract, violations of the Illinois Wage Payment and Collection Act and Illinois Minimum Wage Law—similarly arise from Defendant's alleged failure to pay overtime wages.  Therefore, the Court has supplemental jurisdiction over Plaintiff's state law claims.  28 U.S.C. § 1367(a).

5.      This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is "between citizens of different states," and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Plaintiff alleges that he is a citizen of the State of Illinois. Marriott International, Inc. is a citizen of the states of Delaware and Maryland in that it is a corporation existing under the laws of the state of Delaware and has its principal place of business in the state of Maryland. While Plaintiff's Complaint does not specify an amount of damages sought, if Marriott International, Inc. indeed failed to properly compensate "all employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week," damages will far exceed $75,000. Thus, the amount in controversy exceeds $75,000.00.

(*Notice of Removal* ¶¶ 4, 5).

## ARGUMENT

It is undisputed that the Court has jurisdiction over Holbrook's FLSA claim because it arises under the laws of the United States. The questions raised by this motion are whether the Court has diversity jurisdiction over Plaintiff's state law claims and, if not, whether the Court should decline to exercise supplemental jurisdiction over them. As explained below, the Court lacks diversity jurisdiction because Marriott has not shown that the $75,000 amount in controversy requirement is met and because Plaintiffs' claims cannot be aggregated with those of putative class members' to reach the jurisdictional amount. Further, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims because they substantially predominate over his FLSA claim.

## I.      The Court Lacks Diversity Jurisdiction Because Marriott Has Not Shown that the Amount in Controversy Requirement Is Satisfied

Under the general diversity statute, federal courts have original jurisdiction over civil actions in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Although Marriott has demonstrated diversity of citizenship, it has not shown that the amount in controversy exceeds $75,000.

As the proponent of federal jurisdiction, Marriott bears the burden of "showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).  Instead of estimating the actual amount in controversy, however, Marriott simply alleges that "if [it] indeed failed to properly compensate '***all employees*** of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual week,' damages will far exceed $75,000."  (*Notice of Removal* ¶ 5 (emphasis added)).  If even true, this allegation is insufficient to meet the amount in controversy requirement for diversity jurisdiction.

As a threshold matter, the amount in controversy vis-à-vis Holbrook and Marriott is apparently less than $75,000.[1]  The amount in controversy is determined when suit was filed or when it was removed to federal court.  *Oshana*, 472 F.3d at 510-11.  Thus, while attorneys' fees may be included in the amount in controversy, only fees incurred up to the time of removal count toward the jurisdictional amount.  *Id.* at 512.  Here, Holbrook claims that he was underpaid for regular hours by approximately $7.00 per hour over a period of two years; in other words, about $15,000 per year for a total of $30,000.  Even after adding his overtime claims and attorney's fees for filing this action in state court, Holbrook's damages at the time of removal were less than $75,000.

Although Marriott claims that damages will exceed $75,000 if ***all*** its' employees were improperly compensated, courts cannot acquire federal jurisdiction by aggregating class members' claims.  It is well-settled that "[i]n a class action, . . . aggregating claims is not allowed for purposes of determining the jurisdictional amount."  *Oshana*, 472 F.3d at 511 (citing *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir.2000); *Garbie v. DaimlerChrysler Corp.*,

---

[1]     Marriott correctly observes in its Notice of Removal that Holbrook has not specified the amount of his damages.  To accurately calculate his damages, Holbrook will need his time and pay records which can be obtained through discovery.

211 F.3d 407, 409 (7th Cir.2000); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123

F.3d 599, 607 (7th Cir.1997)).   Although the Class Action Fairness Act of 2005 ("CAFA")

changed this rule, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 571-72 (2005), it

also created additional requirements for federal jurisdiction that have not been pled here—

namely, the amount in controversy must exceed $5 million, 28 U.S.C. § 1332(d)(6), and the

putative class must include 100 or more members, 28 U.S.C. § 1332(d)(5)(B).

## II.     The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims Because they Substantially Predominate Over His FLSA Claim

Because the Court lacks diversity jurisdiction over Plaintiff's state law claims, it must

next determine whether or not it should exercise supplemental jurisdiction over those claims.

The Court may, in its discretion, decline to exercise supplemental jurisdiction over a state law

claim if "the claim substantially predominates over the claim or claims over which the district

court has original jurisdiction," 28 U.S.C. § 1367(c)(2), or "in exceptional circumstances, there

are other compelling reasons for declining jurisdiction," 28 U.S.C. § 1367(c)(4); *Channell v.

Citicorp Nat. Services, Inc.*, 89 F.3d 379, 387 (7th Cir. 1996).

Since the Third Circuit's decision in *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312

(3d Cir. 2003), district courts have often found that state wage claims substantially predominate

over FLSA claims.  *See*, *e.g.*, *Jackson v. City of San Antonio*, 220 F.R.D. 55, 61 (W.D. Tex.

2003) (retaining jurisdiction over FLSA claim while severing and remanding parallel state

claim); *see also*, *Sorenson v. CHT Corp.*, Nos. 03 C 1609 & 03 C 7362, 2004 WL 442638 (N.D.

Ill. Mar. 10, 2004) (directing parties to submit supplemental briefs so the court could revisit the

issue of removal and consider whether state claims should be severed and remanded to state

court) (copy attached as **Exhibit A** hereto).   In *De Asencio*, employees at two of Tyson's

chicken-processing plants sought wages for time spent donning, doffing and cleaning their

uniforms. *De Asencio*, 342 F.3d at 304. Asserting claims under both the FLSA and the Pennsylvania Wage Payment & Collection Law, the employees brought suit in federal court and won class certification for the state claim under Rule 23. *Id.* On appeal, the Third Circuit reversed and held that the district court abused its discretion by exercising supplemental jurisdiction over the state law wage claim. *Id.* at 312.

Turning to the supplemental jurisdiction statute and the United States Supreme Court's decision in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), the Third Circuit held that a state claim substantially predominates over a federal claim when "a state claim constitutes the real body of a case, to which the federal claim is only an appendage"—in other words, when exercising supplemental jurisdiction would allow a "federal tail to wag what is in substance a state dog." *Id.* at 309 (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995) quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966)). Noting that a claim under the FLSA requires no intent to form a contract whereas a state law wage claim does, the court observed that the plaintiffs' state claim would require testimony and proof beyond that required for the FLSA action. *Id.* at 310-11. Thus, the court found, "the scope of the state issues may substantially predominate over the more straightforward federal scheme." *Id.* at 310.

Here, Holbrook's state claims substantially predominate over his single federal claim. To prove his breach of contract and IWPCA claims, Holbrook must establish the existence and terms of a contract or agreement even though those are not elements of an FLSA claim. *De Asencio*, 342 F.3d at 310-11. Simply put, the focus of this action is the agreement between Holbrook and Marriott and how Marriott calculated Plaintiff's hourly rate of pay. Because these issues are governed by state law and the FLSA merely creates a remedy for underpaid overtime,

asserting supplemental jurisdiction over Holbrook's state claims would allow a federal tail to wag a state dog.

## CONCLUSION

For the foregoing reasons, the Court should remand Plaintiff's state law claims to the Circuit Court of Cook County, Illinois.

Dated:  February 4, 2008                    Respectfully submitted,

 

SHAWN HOLBROOK, on behalf of himself and all others similarly situated, Plaintiff


By:    /s/ Jeffrey J. Halldin             
      One of His Attorneys

Terrence Buehler
Jeffrey J. Halldin
BUEHLER & WILLIAMS
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
(312) 372-2209

Daniel K. Touhy
TOUHY & TOUHY, LTD.
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
(312) 372-2209

## <u>SERVICE OF DOCUMENTS BY ELECTRONIC MEANS</u>

The undersigned hereby certifies that on February 4, 2008, he caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

Noah A. Finkel

Collin M. Connor

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

(Not Applicable)

/s/     Jeffrey J. Halldin
BUEHLER & WILLIAMS
Attorney for Plaintiff
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
Phone: (312) 372-2209
Fax:     (312) 456-3838
jhalldin@touhylaw.com