IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWN HOLBROOK, on behalf of himself and all others similarly situated )<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 08 CV 385<br><br>Judge St. Eve<br><br>Magistrate Judge Keys |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendant Marriott International, Inc. ("Defendant" or "Marriott") states as follows for its Response to Plaintiff's Motion to Remand:

### NATURE OF THE CASE

On December 5, 2007, on behalf of himself and all other similarly situated Marriott employees, Plaintiff Shawn Holbrook filed a five-count complaint in the Circuit Court of Cook County, Illinois. In his complaint, Holbrook alleges that Marriott failed to properly calculate his straight-time and overtime rate of pay under his "agreement" with Marriott. Based on these basic allegations, Holbrook alleges five separate, but patently intertwined, causes of action: 1) breach of contract for Marriott's alleged failure to pay the appropriate straight-time and overtime rates; 2) violation of the Illinois Wage Payment and Collection Act 820 ILCS 115 ("IWPCA") for Marriott's alleged failure to pay the appropriate straight-time rate; 3) violation of the Illinois Minimum Wage Law 820 ILCS 105 ("IMWL") for Marriott's alleged failure to pay the appropriate overtime rate; 4) violation of the IWPCA for Marriott's alleged failure to pay the appropriate overtime rate; and 5) violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-262 ("FLSA") for Marriott's alleged failure to pay the appropriate straight-time and overtime

1.

rates. While counts II, III, and IV are brought solely on the basis of Illinois law and only on behalf of those employed in Illinois, two of Plaintiff's claims – count I alleging breach of contract and count V alleging an FLSA violation – purport to be brought on behalf of employees nationwide regardless of where employed.[1]

On January 17, 2008, Marriott removed Holbrook's action from the Circuit Court of Cook County to this Court under 28 U.S.C. §§ 1441(a) and (b). More specifically, under 28 U.S.C. §§ 1331 and 1367(a), Marriott maintains that this Court has original jurisdiction over Plaintiff's FLSA claim and supplemental jurisdiction over the other four state and common law claims, which all arise out of a common nucleus of operative facts and form the same case or controversy.[2]

Plaintiff then moved to remand a part of this case to state court. In his motion, Holbrook does not dispute – nor can he – that the Court will maintain jurisdiction over a part of this case. Rather, he claims that this Court should not exercise supplemental jurisdiction over counts I-IV

---

[1] The proposed FLSA collective action in the complaint – on behalf of "all employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week but received less than one and one-half times the regular rate of compensation to which they were entitled" (Pl. Compl. ¶ 26) – is absurd on its face. Plaintiff does not make any effort to limit his claim for a collective action to those who claim to have suffered from the same type of overtime violation as Plaintiff claims, or for the same reason, or who otherwise are in any way similarly situated to him. Indeed, Plaintiff does not even limit his claim to those who were classified as non-exempt from the FLSA's overtime provisions.

[2] In its removal documents, Marriott also asserted that removal was appropriate under 28 U.S.C. § 1332. At that time, Marriott maintained a good-faith belief that either Holbrook's claim for damages exceeded the $75,000 threshold or that Plaintiff's nation-wide claim for class damages exceeded $5,000,000 involving more than 100 putative class members. In the Motion for Remand, however, Holbrook claims that his personal damages are approximately $30,000. Further, upon additional investigation, Marriott has determined that Plaintiff's alleged nation-wide class under counts I-IV includes less than 100 putative class members and far less than $5,000,000 in alleged damages. Thus, Marriott does not maintain that this Court has jurisdiction under 28 U.S.C. § 1332, and only contends that jurisdiction is proper in this Court over counts I-IV through supplemental jurisdiction.

2.

and should instead remand those claims to state court because "they substantially predominate over [the] FLSA claim." Pl. Memorandum of Law ("Pl. MOL") at p. 4. The question thus presented is whether the parties should litigate this dispute before one court, or before two different court systems.

As explained in more detail below, all of Plaintiff's claims should be litigated in this forum. Indeed, Plaintiff's assertions that the state law claims substantially predominate over the federal claims are misguided and could not be further from the truth. Counts I-IV are part of the same "case or controversy" as count V (the FLSA claim) within the meaning of 28 U.S.C. § 1367(a), and Plaintiff does not contend otherwise. In fact, those counts are inextricably tied to Plaintiff's FLSA count. Plaintiff cannot be successful on one set of claims without being successful on the other (and one of those counts – count IV – is preempted by the FLSA). Further, Plaintiff's state law claims do not substantially predominate over the federal claims[3] within the meaning of 28 U.S.C. § 1367(c)(2) because they do not raise novel or complex issues of state law, nor do they present the Court with a situation in which the number of Illinois class members asserting state law claims will substantially predominate over the number of those participating in the case asserting FLSA claims.

## ARGUMENT

**I.    This Court Should Not Decline Supplemental Jurisdiction Over Counts I-IV Because They Are Inextricably Linked to Count V.**

There is no dispute that this Court has original jurisdiction over count V of Plaintiff's complaint (the FLSA claim) under 28 U.S.C. § 1331 and that at least a part of this case thus must remain before the Court. There also appears to be no dispute that counts I-IV of Plaintiff's

---

[3] The use of the plural "federal claims" is intentional. Count V is brought under the FLSA, and count IV is a thinly-disguised FLSA claim (as explained below).

complaint are related to the FLSA claim so as to arise out of the same "case or controversy" as count V, so that the Court has supplemental jurisdiction over those counts under 28 U.S.C. § 1367(a).

The question then becomes whether the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over counts I-IV while maintaining jurisdiction over count V. It is within this Court's sound discretion to assert supplemental jurisdiction over those claims. *See Acosta v. Scott Labor LLC*, No. 05 C 2518, 2006 U.S. Dist. LEXIS 153, at *16 (N.D. Ill. Jan. 3, 2006) (attached as Exhibit 1). This Court may decline to exercise supplemental jurisdiction if it finds that the state law claims satisfy one of the four limited exceptions listed in 28 U.S.C. § 1367(c). Under Section 1367(c), this Court should only deny supplemental jurisdiction only if: 1) the claims raise a novel or complex issue of state law; 2) the state law claims substantially predominate over the FLSA claim; 3) the district court has dismissed all claims over which it has original jurisdiction; or 4) in exceptional circumstances, where there are other compelling reasons for declining jurisdiction.[4]

### A. The State and Common Law Claims Will Not Substantially Predominate Over Plaintiff's FLSA Claim.

Plaintiff relies principally on subsection two of Section 1367(c) and argues that the Court should decline to exercise supplemental jurisdiction over counts I-IV because the state law claims allegedly will predominate over the federal claims. Pl. MOL pp. 4-6. Plaintiff's contention has no merit when considering either (i) the nature of Plaintiff's claims; or (ii) the potential for the state law claims to be certified as opt-out class actions.

---

[4] There is no conceivable basis upon which to decline supplemental jurisdiction under subsections three or four.

### 1. The Interrelated Nature of Plaintiff's Claims Counsel Strongly Against Declining Supplemental Jurisdiction.

The gravamen of Plaintiff's complaint is that Marriott should have calculated his hourly rate of pay differently than it did. Plaintiff claims that Marriott offered him an annual salary of $59,134.40 to perform the duties of a position that it had classified as non-exempt, and thus eligible for overtime compensation. Plaintiff further claims that this meant Marriott should have paid him an hourly wage of $28.43 – because $59,134.40 ÷ 52 weeks in a year ÷ 40 hours in a week = $28.43. In fact, Marriott calculated Plaintiff's hourly rate according to the 50-hour per week schedule he worked – $59,134.40 ÷ 52 weeks in a year ÷ (40 hours in a week at straight-time + 10 hours in a week at one and one-half times the straight-time rate) = $20.68.[5] Pl. Compl. ¶¶ 10-12.

Count I (breach of contract apparently under federal common law) and count II (the IWPCA) of the complaint allege the exact same thing: that Marriott breached an agreement by paying Plaintiff an hourly rate for his first 40 hours of work at $20.68 instead of $28.43. Neither of those counts, however, allege that Marriott promised Plaintiff a specific hourly rate. Rather, those claims depend upon an assumption by Plaintiff of a 40-hour workweek. Pl. Compl. ¶ 12. Because Plaintiff does not allege that anyone promised him a 40-hour workweek, the only potential source for "assuming . . . forty hours per week," *id.*, is the FLSA, which provides that no employer may employ a non-exempt employee "for a workweek longer than forty hours"

---

[5] Indeed, if Plaintiff worked that schedule for a full year, he would have received $59,134.40 for the year.

without the payment of overtime compensation. 29 U.S.C. § 207(a)(1).[6]  Thus, counts I and II of Plaintiff's complaint are dependent upon the FLSA and FLSA principles, and cannot be said to substantially predominate over the FLSA claim.

The link between count III (the IMWL claim) and the FLSA claim is even closer. Indeed, with the exception of the statutory cites, the two claims both seek overtime to be calculated at a higher rate and indeed are *identical*.  *Compare* Pl. Compl. ¶¶ 39-44 (IMWL claim) with ¶¶ 52-57 (FLSA claim).  It would make little sense to have identical claims litigated in both federal court and state court.

The link between count IV (another IWPCA claim) and count V is yet even closer, because count IV is preempted by the FLSA, upon which count V is brought.  Count IV claims that "[u]nder *both federal and state law*…the obligation to pay overtime at the correct rate became *an implied in law term* of *Mr. Holbrook's employment contract*" and that because Marriott paid him overtime compensation under the FLSA and IMWL allegedly at the wrong rate, it also violated the IWPCA.  This claim is preempted by the FLSA because it is merely a dressed-up FLSA claim – it is claiming that overtime was not paid according to the correct calculation in violation of a promise implied from the FLSA.  *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007).  In *Anderson*, plaintiffs brought various causes of action under North Carolina law, including breach of contract, negligence, fraud, conversion, and unfair trade

---

[6] The IMWL also requires the payment of overtime compensation for non-exempt employees for hours worked in excess of 40 in a week.  820 ILCS 105/4a.  The IMWL, however, was enacted in 1977 (39 years after the passage of the FLSA in 1938) and relies extensively on the FLSA for its interpretation.  *Condo v. Sysco Corp.*, 1 F.3d 599, 601 n.3 (7th Cir. 1993) (holding that the provisions of the FLSA and IMWL "are coextensive"); *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 376 (7th Cir. 2005) (denying IMWL claims solely because plaintiff failed to establish an FLSA claim); 56 Ill. Admin. Code § 210.120 ("For guidance in the interpretation of this Act and this Part, the Director may refer to the Regulations and interpretations of the Administrator, Wage and Hour Division, U.S. Department of Labor, administering the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 *et seq.*).")

practices all relating to the company's alleged failure to pay its employees for donning and doffing their uniforms. *Id.* at 182. The court held that plaintiffs' state law claims were preempted under the theory of conflict preemption—that "state law actually conflicts with federal law." *Id.* at 191 (citations omitted). The court reasoned that plaintiffs' state claims were preempted because all of those claims "depend upon establishing that Sara Lee violated the FLSA" and "essentially require[d] the same proof as claims asserted under the FLSA itself." *Id.* at 193.

Here, count IV of Plaintiff's complaint depends upon establishing that Marriott violated the FLSA and essentially requires the same proof as the claims asserted in count V of Plaintiff's complaint. If Plaintiff does not prevail on the FLSA claim, he cannot prevail on count IV either.

At bottom, all five of Plaintiff's counts are premised upon an alleged agreement between Marriott and Plaintiff. Indeed, as Plaintiff alleges in count V of his complaint, "because Marriott failed to fully pay Mr. Holbrook his regular rate of compensation *as per his employment contract*," Marriott violated the FLSA by paying "him less than one and one-half times his regular rate of compensation for the overtime he worked." Pl. Compl. ¶ 55 (emphasis added). Plaintiff reasserts this point in count IV of his complaint: "Under both *federal* and state *law*…the obligation to pay overtime at the correct rate became *an implied in law term of Mr. Holbrook's employment contract.*" Pl. Compl. ¶ 49 (Emphasis added). Thus, even according to Plaintiff, to prevail on his FLSA claim, Holbrook must demonstrate that he had an employment contract with Marriott and that it paid him a regular and overtime rate different from the terms reached in that agreement. While the existence of an agreement does not typically form the basis of an FLSA claim, here it does. Consequently, it is of absolutely of no importance that "the

focus of this action is the agreement," as Plaintiff must establish the basic terms of this "agreement" to succeed on *all* of his claims.

## 2. Relying on Class Action Potential of the State Law Claims to Establish Substantial Predominance Is Premature.

Plaintiff relies in his motion on *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3rd Cir. 2003) and *Sorenson v. CHT Corp.*, Nos. 03 C 1609 & 03 C 7362, 2004 U.S. Dist. LEXIS 3729 (N.D. Ill. Mar. 9, 2004), for the proposition that where a state law claim for wages is predicated upon an agreement or contract, state law claims predominate over FLSA claims. This reliance is misplaced and provides no support for Plaintiff's claim that the state law issues will "predominate" over the FLSA claim.

Indeed, both *De Asencio* and *Sorenson* were decided at the class certification stage of the case. In *De Asencio*, only 447 plaintiffs opted in to the plaintiff's FLSA class, whereas the purported state law class consisted of some 4,100 plaintiffs. This fact alone caused the court to balk at asserting supplemental jurisdiction and compelled it to find that the state law claims predominated over the federal claims. *De Asencio*, 342 F.3d at 311-12. Similarly, in *Sorenson*, the plaintiffs brought class action allegations under the IMWL and IWPCA and also asserted certain FLSA violations. Upon plaintiffs' motion for class certification, defendant argued that Rule 23 class treatment was not the superior method for adjudicating the class action state law class claims in federal court, arguing instead that those state claims should proceed under 29 U.S.C. § 216(b). *Sorenson*, 2004 U.S. Dist. LEXIS 3729, at *31-32. The court ordered the parties to brief the issue of whether the court should assert supplemental jurisdiction over plaintiffs' state law claims in the first place. Ultimately, the court never decided whether or not to assert supplemental jurisdiction over plaintiffs' state claims. *Id.* at *39.

Unlike *De Asencio* and *Sorenson*, the present case is not yet at the class certification stage and it is unclear which, if any, claims will "predominate" as this case moves forward. In *De Asencio* at least, the court was faced with the prospect of a state law class action involving about 4,100 absent class members. Nothing like that fact pattern is present here – indeed, a class certification motion has not been filed. Thus, both *De Asencio* and *Sorenson* are inapplicable.

**B.**     **The State and Common Law Issues Are Neither Novel nor Complex.**

While not specifically raised in his Motion, another basis upon which a court may decline supplemental jurisdiction is where a case raises novel or complex issues of State law. 29 U.S.C. § 1367(c)(1). Such an argument would have no merit. Plaintiff's state and common law claims do not raise complex or novel issues of state law that this Court could not adequately adjudicate itself. *See, e.g., Salazar v. Agriprocessors, Inc.*, 07 CV 1006-LRR, 2007 U.S. Dist. LEXIS 78222, at *30-31 (N.D. Iowa Oct. 22, 2007) (attached as Exhibit 2) (holding that questions regarding the Iowa Wage Payment and Collection Act failed to raise a novel or complex issue of state law that the district court was ill-equipped to address); *Lindsay v. GEICO*, 448 F.3d 416, 424-25 (D.C. Cir. 2006) (New York Minimum Wage Act and FLSA were essentially identical and plaintiffs claims therefore did not raise novel or complex legal questions).

Here, much like *Salazar* and *Lindsay*, there is absolutely nothing novel or complex about Plaintiff's breach of contract, IMWL and IWPCA causes of action. Rather, Plaintiff merely argues in all four of these counts that Marriott agreed to pay him a salary, but that Defendant then miscalculated his regular hourly and overtime rates of pay. Nothing within these allegations presents a new or complex question of state law over which an Illinois court would possess unique expertise. Indeed, count I claims a breach of contract on a nationwide class basis, regardless of the state in which the putative class member resides. The IWPCA claims brought

9.

in counts II and IV are not unique because at least 36 states have enacted wage payment statutes.[7] The IMWL claim of count III is not unique to Illinois because, as described above, it is identical to the FLSA claim.

### III.    Judicial Economy Dictates that this Court Exercise Supplemental Jurisdiction.

In any event, the court should retain jurisdiction over counts I-IV for the simple reason that it will preserve judicial economy. Indeed, the law is clear in this District that the Court should retain jurisdiction over removed state law claims where remand of those claims would cause the parties to litigate the same facts in different forums. *See Acosta*, 2006 U.S. Dist. LEXIS 153, at *14 (retaining supplemental jurisdiction over IMWL and IWPCA claims because "to remand the state law claims while retaining jurisdiction over the individual [FLSA] claims would be a poor use of judicial resources"); *O'Brien v. Encotech Constr. Servs.*, 203 F.R.D. 346, 352 (N.D. Ill. 2001) (retaining supplemental jurisdiction over IMWL and IWPCA class allegations because remand would be "inefficient" and because "it would be desirable to concentrate all litigation related to plaintiffs' common set of facts in this forum"); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2000 U.S. Dist. LEXIS 17832, at *27 (N.D.

---

[7]Arizona (A.R.S. § 23-350(5)), California (Cal. Lab. Code § 200(a)), Colorado (C.R.S. 8-4-101(8)(a)), Connecticut (Conn. Gen. Stat. § 31-71(a)(3)), Delaware (19 Del. C. § 1101(5)), District of Columbia (D.C. Code § 32-1301(3)), Idaho (Idaho Code § 45-601(7)), Indiana (In. Code § 22-2-9-1(b)), Iowa (Iowa Code § 91A.2(7)(a)), Kansas (Kan. Stat. Ann. § 44-313(c)), Maine (26 M.R.S § 621-A(1)), Maryland (Mary. Code Ann. § 3-501(1)), Massachusetts (Mass. Gen. Laws § 148), Michigan (Mich. Comp. Laws § 408.471(f)), Minnesota (Minn. Stat. § 181.101), Missouri (R.S. Mo. § 290.080), Nebraska (Neb. R.S. Ann. § 48-1229(4)), Nevada (Nev. Rev. Stat. Ann. § 608.016), New Hampshire (RSA 275:42(III)), New Jersey (N.J.S.A. § 34:11-4.1(c)), New Mexico (N.M. Stat. Ann. § 50-4-1(B)), New York (NY CLS Labor § 190(1)), North Carolina (N.C. Gen. Stat. § 95-25.2(16)), Ohio (ORC Ann. 4113.15(D)(1)), Oklahoma (40 Okl. St. § 165.1(4)), Oregon (O.R.S. § 652.210(3)), Pennsylvania (P.S. § 260.2a), Rhode Island (R.I. Gen. Laws § 28-14-1(4)), South Carolina (S.C. Code Ann. § 41-10-10(2)), Tennessee (Tenn. Code Ann. § 50-2-103), Texas (Tex. Lab. Code § 61.001(7)), Utah (Utah Code Ann. § 34-28-2(4)), Virginia (Va. Code Ann. § 40.1-29), Washington (Rev. Code. Wash. (ARCW) § 49.46.010(2)), West Virginia (W. Va. Code § 21-5-1(c)), and Wisconsin (Wis. Stat. § 109.01(3)).

Ill. Nov. 30, 2000) (attached as Exhibit 3) (also retaining supplemental jurisdiction over IMWL and IWPCA claims because "it is desirable to concentrate the litigation in one forum").

Here, if the Court remanded Plaintiff's state and common law claims, such a result would occur. Indeed, Plaintiff's breach of contract, IWPCA, IMWL and FLSA claims all arise out of the same nucleus of alleged facts. Thus, if Marriott was forced to litigate these claims in both state and federal court, it would essentially be asked to duplicate its efforts in every regard. Under the case law in this District, such a result is inefficient and improper for the parties and the courts.

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's Motion for Remand.

**DATED: February 28, 2008**                    Respectfully submitted,


                                                By:  /s/      Colin M. Connor
                                                        One of Their Attorneys


Noah A. Finkel
Colin M. Connor
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, IL  60603-5577
312-460-5000

11.

## **CERTIFICATE OF SERVICE**

I, Colin M. Connor, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND to be served upon the following counsel of record on February 28, 2008 through the Court's electronic filing system:

>Terrence Buehler
>Jeffrey J. Halldin
>BUEHLER & WILLIAMS
>161 North Clark Street
>Suite 2210
>Chicago, Illinois 60601
>
>Daniel K. Touhy
>TOUHY & TOUHY, LTD.
>161 North Clark Street
>Suite 2210
>Chicago, Illinois 60601

>/s/     Colin M. Connor

CH1 11421114.3