**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| SHAWN HOLBROOK, on behalf of himself and all others similarly situated, ) ) ) | |
| ) | Case No. 08 C 385 |
| Plaintiff, ) ) | |
| ) | Judge Amy J. St. Eve |
| v. ) ) | |
| ) | Magistrate Judge Arlander Keys |
| MARRIOTT INTERNATIONAL, INC., ) ) | |
| Defendant. ) | |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Plaintiff SHAWN HOLBROOK, by his attorneys, submits this reply in support of his Motion to Remand.

### INTRODUCTION

Marriott admits in its Response to Plaintiff's Motion to Remand ("Response") that there is no diversity jurisdiction over Plaintiff's state law claims (Response, p. 2 n.2) so the only issue is whether the Court should, in its discretion, decline to exercise supplemental jurisdiction over those claims. For the reasons stated in Plaintiff's opening brief and those that follow, the Court should decline to exercise jurisdiction over those claims and remand them to the Circuit Court of Cook County, Illinois.

### ARGUMENT

Marriott argues first that the interrelated nature of Plaintiff's state and federal claims weighs in favor of exercising supplemental jurisdiction. (Response, pp. 5-8). There is no doubt that Plaintiff's state and federal wage claims are similar but, as noted in the cases cited in Plaintiff's opening brief, the state claims may still substantially predominate over the federal claims—if, for example, the size of a Rule 23 class under state law is considerably larger than a class certified under the FLSA's collective action procedures.

Marriott acknowledges this problem but contends that the Court cannot determine whether state claims will predominate until the class certification stage of this action. That is not true. Commentators agree that typically 15 to 30 percent of putative class members opt-in to collective actions under the FLSA. Lampe & Rossman, *Procedural Approaches for Countering the Dual-Filed FLSA Collective Action and State-Law Wage Class Action*, 20 THE LABOR LAWYER 311, 313 (2005). This fact alone indicates that the state law class action will substantially predominate over an FLSA collective action in all but the most unusual case.

Differences in the size of state and federal classes aside, there is an additional problem concerning the Court's jurisdiction over Plaintiff's state law class claims. Although there is conflicting authority, some cases hold that federal courts lack subject matter jurisdiction over class members' state law wage claims unless they opt-in to the FLSA collective action. *See*, *e.g.*, *Bartelston v. Winnebago Indus., Inc.*, 219 F.R.D. 629 (N.D. Iowa 2003). For this reason, "federal courts in dual-filed wage actions appear receptive to arguments that they should decline supplemental jurisdiction over the case's state-law claim because it 'substantially predominates' over the section 216(b) claim that creates the court's original jurisdiction." Lampe & Rossman, *supra*, 329 (citing Noah A. Finkel, *State Wage-and-Hour Class Actions: The Real Wave of "FLSA" Litigation?*, 7 EMP. RIGHTS & POL'Y J. 159, 177-79 (2003)). If a defendant could defeat a state law class action simply by removing it to federal court where subject matter jurisdiction does not exist, that would be an exceptional circumstance or other compelling reason for declining jurisdiction over Plaintiff's state claims. 28 U.S.C. § 1367(c)(4).

Finally, Marriott argues that judicial economy dictates that this Court should exercise jurisdiction over Plaintiff's state claims. That argument was rejected in *Bartelston* where the court stated: "This court, however, cannot find that such 'judicial economy' arguments 'trump' the limitations on its supplemental jurisdiction . . .." *Bartelston*, 219 F.R.D. at 637 n.4. In

*Bartelston*, the court noted that the jurisdictional dilemma could be resolved by severing state claims from federal and remanding them to state court. *Id.* In that case, however, the court could not remand the state claims because the plaintiff originally filed them in federal court. *Id.*

According to the court in *Bartleson*, the plaintiff could have satisfied the goal of judicial economy by filing her state and federal claims in state court where the court would have jurisdiction over the entire action. *Id.* Here, Plaintiff did file in state court where the court had jurisdiction over this entire action. Marriott removed to this court where subject matter jurisdiction over Plaintiff's class claims is doubtful. It should not be heard now to complain that its decision will result in inefficiencies.

## CONCLUSION

For the foregoing reasons, the Court should remand Plaintiff's state law claims to the Circuit Court of Cook County, Illinois.

Dated:  March 6, 2008                                Respectfully submitted,

                                                                    SHAWN HOLBROOK, on behalf of himself and all others similarly situated, Plaintiff


                                                                    By:     /s/ Jeffrey J. Halldin
                                                                            One of His Attorneys


Terrence Buehler
Jeffrey J. Halldin
BUEHLER & WILLIAMS
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
(312) 372-2209

Daniel K. Touhy
TOUHY & TOUHY, LTD.
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
(312) 372-2209

3

**SERVICE OF DOCUMENTS BY ELECTRONIC MEANS**

The undersigned hereby certifies that on March 6, 2008, he caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

Noah A. Finkel

Colin M. Connor

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

(Not Applicable)

/s/     Jeffrey J. Halldin
BUEHLER & WILLIAMS
Attorney for Plaintiff
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
Phone: (312) 372-2209
Fax:    (312) 456-3838
jhalldin@touhylaw.com