IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN HOLBROOK, on behalf of himself and all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 385 |
| v. | ) ) | Judge St. Eve |
| MARRIOTT INTERNATIONAL, INC., | ) ) | Magistrate Judge Keys |
| Defendant. | ) ) ) | |

**GMR**

**FILED**
**MARCH 6, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Marriott International, Inc. ("Defendant" or "Marriott"), pursuant to Fed. R. Civ. P. 8, 12, & 15 states as follows for its First Amended Answer to Plaintiff Shawn Holbrook's Complaint:

### NATURE OF THE CASE

**COMPLAINT ¶ NO. 1:**

This is an action for breach of contract and violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.* (the "IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.* (the "IWPCA") for Marriott's failure to pay regular and overtime wages to Mr. Holbrook and other similarly situated employees. Through its unlawful compensation practices Marriott has denied Mr. Holbrook and other similarly situated employees their earned living wages.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action under the statutes listed.

Defendant denies the remaining allegations of this paragraph.

### PARTIES

**COMPLAINT ¶ NO. 2:**

Plaintiff Shawn Holbrook is a resident of Oswego, Illinois. Mr. Holbrook was employed by Marriott from November 2000 to August 2007 in Oak Brook, Illinois.

**ANSWER:**

Defendant admits that it employed Plaintiff until about August 2007 in Oak Brook, Illinois. Defendant is without knowledge or information sufficient to form a belief as to the allegation in Paragraph 2 that Plaintiff is a resident of Oswego, Illinois. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 3:**

At all relevant times, Mr. Holbrook was employed by Marriott as an "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1), IMWL, 820 ILCS § 105/3(d), and IWPCA, 820 ILCS § 115/2.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 4:**

Defendant Marriott International, Inc. is a Delaware corporation with its principal executive offices in Maryland. Marriott managed the work of Mr. Holbrook and other similarly situated employees and controlled the amount of overtime they were required to work.

**ANSWER:**

Defendant admits that it is a Delaware corporation with its principal executive offices in Maryland. Defendant further admits that it managed Plaintiff's work and controlled the amount of overtime he worked. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 5:**

At all relevant times, Marriott was Mr. Holbrook's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), IMWL, 820 ILCS § 105/3(c), and IWPCA, 820 ILCS § 115/2.

**ANSWER:**

Defendant admits the allegations of this paragraph.

2.

## JURISDICTION & VENUE

**COMPLAINT ¶ NO. 6:**

This Court has jurisdiction of this action under 735 ILCS § 5/2-209 because it arises from the transaction of business within the State of Illinois and the making and performance of a contract substantially connected with the State of Illinois.

**ANSWER:**

Defendant admits that this Court has jurisdiction over at least some of the claims in this action, that this action arises from the transaction of business within the State of Illinois and the making and performance of a contract substantially connected with the State of Illinois. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 7:**

Venue is proper in this county under 735 ILCS § 5/2-101 because all Defendants are nonresidents of the State of Illinois.

**ANSWER:**

Defendant admits that venue in this district is proper and that all Defendants are nonresidents of the State of Illinois. Defendant denies the remaining allegations of this paragraph.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶ NO. 8:**

Mr. Holbrook began his employment with Marriott in June 2003 when he took the position of Area Information Systems Manager.

**ANSWER:**

Defendant admits that it employed Plaintiff as an Area Information Systems Manager. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 9:**

As a result of a restructuring in 2005, Marriott verbally offered Mr. Holbrook the position of Multi-Property Systems Manager in June 2005. On or about June 29, 2005, Marriott confirmed its verbal offer in a letter to Mr. Holbrook, and Mr. Holbrook accepted the offer on or about July 6, 2005.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 10:**

Marriott's June 29, 2005 offer letter to Mr. Holbrook promised Mr. Holbrook an annual salary of $59,134.40 and states that the position is "non-exempt."

**ANSWER:**

Defendant admits that it sent an offer letter to Plaintiff dated June 29, 2005, that it stated that his annual salary would be $59,134.40, and that his position was non-exempt. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 11:**

Although Marriott and Mr. Holbrook agreed to an annual salary of $59,134.40, Marriottt [sic] paid him on an hourly basis. For example, in 2006 Marriott paid Mr. Holbrook $21.28 per hour and in 2007 Marriott paid Mr. Holbrook $21.76 per hour.

**ANSWER:**

Defendant admits that it paid Plaintiff on an hourly basis. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 12:**

These hourly rates were substantially lower than the annual salary Marriott agreed to pay Mr. Holbrook in its June 29, 2005 offer letter offering Mr. Holbrook an annual salary of $59,134.40. Because the parties had no agreement to the contrary, Marriott should have calculated Mr. Holbrook's hourly wage using a forty hour work week. Assuming fifty-two weeks in a year and forty hours per work week, Marriott should have paid Mr. Holbrook an hourly wage of $28.43 per hour—approximately $7.00 per hour more than it actually paid him.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 13:**

During the course of Mr. Holbrook's employment, Marriott also directed Mr. Holbrook to work in excess of forty (40) hours in individual work weeks, and Mr. Holbrook routinely worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 14:**

Because Marriott miscalculated Mr. Holbrook's regular rate of compensation as per his employment contract, it also underpaid him for the overtime he worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 15:**

Given that Marriott explicitly recognized Mr. Holbrook's position as non-exempt in its offer letter of June 29, 2005, it was plainly aware of the FLSA and IMWL's overtime requirements and exemption provisions. Consequently, its refusal to pay Mr. Holbrook overtime as required by those laws constituted a willful violation of the acts.

**ANSWER:**

Defendant admits that it recognized Plaintiff's position as non-exempt, and that it was

aware of the FLSA's and IMWL's overtime requirements. Defendant denies the remaining

allegations of this paragraph.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶ NO. 16:**

When Marriott underwent a restructuring in 2005, it changed several other salaried employees, like Mr. Holbrook, to hourly employees. The exact number of employees is unknown but can be ascertained in discovery. On information and belief, these employees' hourly rates were also miscalculated by Marriott and they were also underpaid both regular and overtime wages.

5.

**ANSWER:**

Defendant admits that it changed several salaried employees to hourly employees in about June 2005. Defendant denies the remaining allegations of this paragraph.

**IMWL and IWPCA Claims – Class Action Allegations**

**COMPLAINT ¶ NO. 17:**

Plaintiff brings Count I of this action (breach of contract) on behalf of an opt-out class defined as all salaried employees of Marriott, its subsidiaries and affiliated companies who were reclassified as hourly employees and paid an hourly wage lower than their previously agreed upon salary from the period beginning ten (10) years before this action was filed to the entry of a final judgment in this action.

**ANSWER:**

Defendant admits that Plaintiff purports to bring Count I of its Complaint as a class action. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 18:**

Plaintiff brings Count II of this action (violation of the IWPCA) on behalf of an opt-out class defined as all Illinois employees of Marriott, its subsidiaries and affiliated companies who were reclassified as hourly employees and paid an hourly wage lower than their previously agreed upon salary from the period beginning five (5) years before this action was filed to the entry of a final judgment in this action.

**ANSWER:**

Defendant admits that Plaintiff purports to bring Count II of its Complaint as a class action. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 19:**

Plaintiff brings Count III of this action (violation of the IMWL) on behalf of an opt-out class defined as all Illinois employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week but received less than one and one-half times the regular rate of compensation to which they were entitled from the period beginning three (3) years before this action was filed to the entry of a final judgment in this action.

**ANSWER:**

Defendant admits that Plaintiff purports to bring Count III of its Complaint as a class action. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 20:**

Plaintiff brings Count IV of this action (violation of the IWPCA) on behalf of an opt-out class defined as all Illinois employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week but received less than one and one-half times the regular rate of compensation to which they were entitled from the period beginning five (5) years before this action was filed to the entry of a final judgment in this action.

**ANSWER:**

Defendant admits that Plaintiff purports to bring Count IV of its Complaint as a class action. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 21:**

*Numerosity.* The Class is so numerous that joinder of all members is impracticable. Although the exact number of members is presently unknown, it is likely that the Class will include hundreds of individuals. These individuals can be identified and located using payroll and personnel records that Defendants are required to maintain under Illinois law.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 22:**

*Commonality & Predominance.* There are questions of both fact and law common to the class, which predominate over any questions affecting only individual members. Such questions include, *inter alia,* the following:

    a.    How Marriott calculated hourly rates when reclassifying certain salaried employees to hourly employees;

    b.    Whether Marriott's calculation or miscalculation of hourly rates constituted a breach of contract or violation of the Illinois Wage Payment and Collection Act;

    c.    Whether Marriott's calculation or miscalculation of hourly rates also resulted in an underpayment of overtime;

      d.      Whether Marriott's underpayment of overtime constituted a violation of the Illinois Minimum Wage Act; and

      e.      Whether Marriott's underpayment of overtime was willful.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 23:**

*Typicality.* Plaintiff's claims are typical of the claims of the Class. Plaintiff suffered similar injuries as those suffered by other members of the Class as a result of Defendant's failure to pay overtime.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 24:**

*Adequacy.* Plaintiff and his attorneys will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent, and Plaintiff has retained competent attorneys experienced in class action litigation of this type who are committed to prosecuting this action.

**ANSWER:**

Defendant denies that Plaintiff is an adequate class representative. Defendant is without

knowledge sufficient to form a belief regarding the competency of the attorneys hired by

Plaintiff. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 25:**

*Appropriateness.* A class action is an appropriate method for the fair and efficient adjudication of this controversy. Class action treatment will allow a large number of similarly situated persons to simultaneously prosecute their common claims in a single forum efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiff and the members of the Class to bring individual claims. The presentation of separate actions by individual class members could also create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and substantially impair the ability of class members to protect their interests.

8.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**FLSA Claims – Collective Action Allegations**

**COMPLAINT ¶ NO. 26:**

Plaintiff brings Count V of this action (violation of the FLSA) on behalf of an opt-in class defined as all employees of Marriott, its subsidiaries and affiliated companies who worked more than forty (40) hours in an individual work week but received less than one and one-half times the regular rate of compensation to which they were entitled from the period beginning three (3) years before this action was filed to the entry of a final judgment in this action.

**ANSWER:**

Defendant admits that Plaintiff purports to bring Count V of its Complaint as an opt-in "class." Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 27:**

Given the predominating common issues of fact and law described above, Plaintiff and the opt-in class are similarly situated employees as defined by the FLSA.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 28:**

Plaintiff's written consent to serve as a representative in this action is attached hereto as Exhibit A.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COUNT I**

**Breach of Contract**

**COMPLAINT ¶ NO. 29:**

Plaintiff repeats and re-alleges every paragraph above as though fully set forth herein.

9.

**ANSWER:**

Defendant incorporates its answers to every paragraph above as though fully set forth herein.

**COMPLAINT ¶ NO. 30:**

Marriott offered Mr. Holbrook employment at an annual salary of $59,134.40 and Mr. Holbrook accepted its offer.

**ANSWER:**

Defendant admits that it offered Holbrook employment, that Holbrook accepted the offer of employment, and that Marriott's offer letter stated that Holbrook's annual salary would be $59,134.40. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 31:**

The parties' agreement was supported by mutual consideration, namely Mr. Holbrook's promise to perform the duties of Multi-Property Systems Manager and Marriott's promise to pay Mr. Holbrook an annual salary of $59,134.40 plus other benefits.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 32:**

Marriott breached its agreement by paying Mr. Holbrook an hourly rate that falls well short of the $59,134.40 annual salary he was promised.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 33:**

Mr. Holbrook has been damaged by Marriott's breach of his employment contract.

**ANSWER:**

Defendant denies the allegations of this paragraph.

CH1 11426652.1

# COUNT II

## Violation of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.*

**COMPLAINT ¶ NO. 34:**

Plaintiff repeats and re-alleges every paragraph above as though fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to every paragraph above as though fully set forth herein.

**COMPLAINT ¶ NO. 35:**

Under the IWPCA, 820 ILCS §§ 115/3 to 115/5, employers are required to pay employees all wages earned by the employee on a monthly or semi-monthly basis, and such wages must be paid within a stated time after each pay period.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 36:**

Under the IWPCA, wages are defined as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties. . . . " 820 ILCS § 115/2.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 37:**

Under the written employment agreement between the parties, Marriott agreed to compensate Mr. Holbrook with an annual salary of $59,134.40. This annual salary amounts to an hourly rate of $28.43 per hour.

**ANSWER:**

Defendant denies the allegations of this paragraph.

11.

**COMPLAINT ¶ NO. 38:**

Marriott violated the IWPCA by paying Mr. Holbrook less compensation than $28.43 per hour as per his employment contract.

**ANSWER:**

Defendant denies the allegations of this paragraph.

### COUNT III

### Violation of the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.*

**COMPLAINT ¶ NO. 39:**

Plaintiff repeats and re-alleges every paragraph above as though fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to every paragraph above as though fully set forth herein.

**COMPLAINT ¶ NO. 40:**

Under the IMWL, 820 ILCS § 105/4a(1), employers are required to compensate employees who work more than forty (40) hours in a work week at a rate not less than one and one-half times the employee's regular rate of compensation.

**ANSWER:**

Defendant admits the allegations of this paragraph as to non-exempt employees.

**COMPLAINT ¶ NO. 41:**

During the course of Mr. Holbrook's employment with Marriott, Marriott directed Mr. Holbrook to work in excess of forty (40) hours in individual work weeks, and Mr. Holbrook did work in excess of forty (40) hours in individual work weeks.

**ANSWER:**

Defendant admits the allegations of this paragraph.

12.

**COMPLAINT ¶ NO. 42:**

Because Marriott failed to fully pay Mr. Holbrook his regular rate of compensation as per his employment contract, it also paid him less than one and one-half times his regular rate of compensation for the overtime he worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 43:**

Given that Marriott explicitly recognized Mr. Holbrook's position as non-exempt in its offer letter of June 29, 2005, it was aware of the IMWL and FLSA's overtime requirements and exemption provisions. Consequently, its refusal to pay Mr. Holbrook overtime as required by these laws constituted a willful violation of the acts.

**ANSWER:**

Defendant admits that it recognized Plaintiff as non-exempt in its June 29, 2005 letter and that it was aware of the IMWL's and FLSA's overtime requirements and exemption provisions. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 44:**

As a result of Marriott's violation of the IMWL, Mr. Holbrook suffered damages because he was not compensated for the overtime that he worked at the appropriate hourly rate.

**ANSWER:**

Defendant denies the allegations of this paragraph.

## COUNT IV

**Violation of the Illinois Wage Payment
and Collection Act, 820 ILCS § 115/1, *et seq.***

**COMPLAINT ¶ NO. 45:**

Plaintiff repeats and re-alleges every paragraph above as though fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to every paragraph above as though fully set forth herein.

13.

**COMPLAINT ¶ NO. 46:**

Under the IWPCA, 820 ILCS §§ 115/3 to 115/5, employers are required to pay employees all wages earned by the employee on a monthly or semi-monthly basis, and such wages must be paid within a stated time after each pay period.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 47:**

Under the IWPCA, wages are defined as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . . ." 820 ILCS § 115/2.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 48:**

Under the written employment agreement between the parties, Marriott agreed to compensate Mr. Holbrook with an annual salary of $59,134.40. This annual salary amounts to an hourly rate of $28.43 per hour.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 49:**

Under both federal and Illinois state law, Marriott was also obligated to pay Mr. Holbrook overtime wages at the rate of one and one-half times the rate of his regular compensation. Thus, the obligation to pay overtime at the correct rate became an implied in law term of Mr. Holbrook's employment contract.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 50:**

Because Marriott failed to fully pay Mr. Holbrook his regular rate of compensation as per his employment contract, it also paid him less than one and one-half times his regular rate of compensation for the overtime he worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 51:**

Marriott violated the IWPCA by failing to pay Mr. Holbrook for the overtime that he worked at the appropriate hourly rate.

**ANSWER:**

Defendant denies the allegations of this paragraph.

## COUNT V

### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

**COMPLAINT ¶ NO. 52:**

Plaintiff repeats and re-alleges every paragraph above as though fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to every paragraph above as though fully set forth herein.

**COMPLAINT ¶ NO. 53:**

Under the FLSA, 29 U.S.C. § 207(a)(1), employers are required to compensate employees who work more than forty (40) hours in a work week at a rate not less than one and one-half times the employee's regular rate of compensation.

**ANSWER:**

Defendant admits the allegations of this paragraph as to non-exempt employees.

**COMPLAINT ¶ NO. 54:**

During the course of Mr. Holbrook's employment with Marriott, Marriott directed Mr. Holbrook's to work in excess of forty (40) hours in individual work weeks, and Mr. Holbrook did work in excess of forty (40) hours in individual work weeks.

**ANSWER:**

Defendant admits the allegations of this paragraph.

CH1 11426652.1

**COMPLAINT ¶ NO. 55:**

Because Marriott failed to fully pay Mr. Holbrook his regular rate of compensation as per his employment contract, it also paid him less than one and one-half times his regular rate of compensation for the overtime he worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 56:**

Given that Marriott explicitly recognized Mr. Holbrook's position as non-exempt in its offer letter of June 29, 2005, it was plainly aware of the FLSA's overtime requirements and exemption provisions. Consequently, its refusal to pay Mr. Holbrook overtime as required by this law constituted a willful violation of the acts.

**ANSWER:**

Defendant admits that it recognized Plaintiff as non-exempt in its June 29, 2005 letter and that it was aware of the FLSA's overtime requirements and exemption provisions. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 57:**

As a result of Marriott's violation of the FLSA Mr. Holbrook suffered damages because he was not compensated for the overtime that he worked at the appropriate hourly rate.

**ANSWER:**

Defendant denies the allegations of this paragraph.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred to the extent that they are beyond the applicable statute of limitations.

2. Plaintiff's claims for liquidated damages are foreclosed by virtue of Defendant's good faith and reasonable belief that they were acting in accordance with the Fair Labor Standards Act and applicable state laws and were not in violation of those laws.

CH1 11426652.1

3.  To the extent that Plaintiff and Defendant formed a contract to pay Plaintiff based on a "40-hour week" as alleged in paragraph 11-12, Plaintiff waived his rights under, is estopped, or is otherwise barred from enforcing this alleged contract based on his acceptance of continued employment under which he was paid based on a 50-hour week.

4.  Plaintiff's IWPCA and common law claims are preempted by the Fair Labor Standards Act to the extent that they are dependent upon the same proof as Plaintiff's claim under the FLSA.

**DATED: March 5, 2008**  Respectfully submitted,


By: /s/     Colin M. Connor
      One of Their Attorneys


Noah A. Finkel
Colin M. Connor
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, IL  60603-5577
312-460-5000

17.

CH1 11426652.1

## CERTIFICATE OF SERVICE

I, Colin M. Connor, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT to be served upon the following counsel of record on March 5, 2008 through the Court's electronic filing system:

>Terrence Buehler
>Jeffrey J. Halldin
>BUEHLER & WILLIAMS
>161 North Clark Street
>Suite 2210
>Chicago, Illinois 60601
>
>Daniel K. Touhy
>TOUHY & TOUHY, LTD.
>161 North Clark Street
>Suite 2210
>Chicago, Illinois 60601

/s/    Colin M. Connor