## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 385 | **DATE** | 3/19/2008 |
| **CASE TITLE** | Holbrook vs. Mariott | | |

**DOCKET ENTRY TEXT**

**The Court denies Plaintiff's Motion to Remand [12].**

■[ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

On December 5, 2007, Plaintiff Shawn Holbrook, on behalf of himself and all others similarly situated, filed a filed a five-count Complaint in the Circuit Court of Cook County, Illinois. On January, 17, 2008, Defendant Marriott International, Inc. ("Marriott") removed this action to federal court pursuant to 28 U.S.C. § 1441(a). Marriott based its removal motion on the Court's original jurisdiction over Holbrook's Fair Labor Standards Act ("FLSA") claim pursuant to 29 U.S.C. § 207(a). *See* 28 U.S.C. § 1331. In its removal motion, Marriott also relied on the Court's supplemental jurisdiction over Holbrook's state law claims. *See* 28 U.S.C. § 1367(a). Before the Court is Holbrook's motion to remand his state law claims under 28 U.S.C. § 1447(c). For the following reasons, the Court denies Holbrook's motion.

### BACKGROUND

In his five-count class action Complaint, Holbrook alleges the following claims: (1) breach of contract based on Marriott's alleged failure to pay his appropriate straight-time hourly rate; (2) a violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115 ("IWPCA"), for Marriott's alleged failure to pay Holbrook's appropriate straight-time hourly rate; (3) a violation of the Illinois Minimum Wage Law, 820 ILCS 105 ("IMWL"), for Marriott's alleged failure to pay his appropriate overtime hourly rate; (4) a violation of the IWPCA for Marriott's alleged failure to pay Holbrook's appropriate overtime hourly rate; and (5) a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-262 ("FLSA"), for Marriott's alleged failure to pay his appropriate overtime hourly rate. (R. 1-2, Class Action Compl. ¶¶ 1, 29-57.)

### ANALYSIS

Marriott removed this action from state court pursuant to Section 1441(a), which provides in relevant part:

**STATEMENT**

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). As mentioned, the Court's original jurisdiction is based on the FLSA. Indeed, Holbrook admits that the Court has original jurisdiction based on the FLSA. Nevertheless, Holbrook contends that the Court should remand his state law claims because the Court lacks diversity jurisdiction over them. *See* 28 U.S.C. § 1332. Holbrook also argues that the Court should not exercise its supplemental jurisdiction over the state law claims pursuant to Section 1367(c). *See Adkins v. Illinois Cent. R. Co.,* 326 F.3d 828, 847 (7th Cir. 2003) (Section 1367 is a statutory basis for remanding claims to state court).

The Court turns to whether it should exercise its supplemental jurisdiction in this matter because that issue is dispositive. "When a federal district court has original jurisdiction over a civil cause of action, § 1367 determines whether it may exercise supplemental jurisdiction over other claims that do not independently come within its jurisdiction, but that form part of the same Article III 'case or controversy.'" *Jinks v. Richland County, S.C.,* 538 U.S. 456, 458, 123 S.Ct. 1667, 155 L.Ed.2d 631 (2003). Moreover, Section 1367(c)

permits a district court to decline to exercise supplemental jurisdiction over a claim if it raises a novel or complex issue of state law; it substantially predominates over the claims over which the court had original jurisdiction; the court has dismissed the claims over which it had original jurisdiction; or in exceptional circumstances in which there are other compelling reasons to decline jurisdiction.

*Sanchez & Daniels v. Koresko,* 503 F.3d 610, 614-15 (7th Cir. 2007); *see also Jinks,* 538 U.S. at 459. "Depending on a host of factors, then – including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims – district courts may decline to exercise jurisdiction over supplemental state law claims." *City of Chicago v. International Coll. of Surgeons,* 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

Here, Holbrook contends that the Court should decline exercising its supplemental jurisdiction because his state law claims substantially predominate over his FLSA claim. *See* 28 U.S.C. § 1367(c)(2). State claims may predominate "in terms of proof, of the scope of issues raised, or the comprehensiveness of the remedy sought." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726-27, 86 S.Ct. 1139, 16 L.Ed.2d 218 (1966). The Court thus turns to the nature of Holbrook's state and federal claims and their factual and legal relationships. *See id.*;*City of Chicago,* 522 U.S. at 173.

In his Complaint, Holbrook alleges that Marriott offered him the non-exempt position of Multi-Property Systems Manager in June 2005 with an annual salary of $59.134.40. (Compl. ¶¶ 9, 10.) Holbrook further alleges that based on his annual salary, Marriott should have paid him $28.43 an hour based on 52 weeks a year and a 40 hour work week. (*Id.* ¶¶ 11, 12.) Instead, Holbrook alleges that Marriott paid him approximately $21 per hour. (*Id.* ¶ 11.) Marriott, on the other hand, argues that it calculated Holbrook's hourly rate based on a 50 hour work week – 40 hours at straight-time and 10 hours at one and one half straight-time.

Holbrook's breach of contract claim in Count I and IWPCA claim in Count II specifically rely on Holbrook's $59,134.40 salary and Marriott's failure to pay him the straight-time hourly rate commensurate

**STATEMENT**

with this salary. (*Id*. ¶¶ 32, 38.) In his FLSA claim in Count V, Holbrook alleges that Marriott violated the Act because Marriott directed him to work more than 40 hours a week, but did not pay him one and one-half times his hourly rate for overtime. (*Id*. ¶¶ 54, 55.) Specifically, Holbrook alleges "[b]ecause Marriott failed to fully pay Mr. Holbrook his regular rate of compensation per his employment contract, it also paid him less than one and one-half times his regular compensation for the overtime he worked." (*Id*. ¶ 55, *see also id.* ¶ 42.) Meanwhile, Holbrook's IMWL allegations in Count III are virtually identical to his FLSA allegations. (*Compare id.* ¶¶ 41-44 *with id*. ¶¶ 54-57.) Finally, Holbrook's brings a IWPCA claim in Count IV based on the allegation that "[u]nder both federal and Illinois state law, Marriott was also obligated to pay Mr. Holbrook overtime wages at the rate of one and one-half times the rate of his regular compensation." (*Id*. ¶ 49.)

      Based on the allegations in his Complaint, Holbrook's state law claims do not predominate in proof, scope, or remedy over his FLSA claim – instead, all of his claims are factually intertwined and legally interrelated. *See United Mine Workers,* 383 U.S. at 726-27. As such, not only does the Court have subject matter jurisdiction pursuant to Section 1367(a) over Holbrook's state law claims because they arise from the same set of operative facts, *see Sanchez,* 503 F.3d at 614, the Court will exercise its supplemental jurisdiction over Holbrook's state law claims because they do not predominate over his FLSA claim. Furthermore, separating the state law claims from Holbrook's FLSA claim is not in the interests of judicial economy. *See City of Chicago,* 522 U.S. at 173; *Sanchez*, 503 F.3d at 615.

      Finally, the Court concludes that it is premature to decide whether the putative class members' state law wage claims will predominate in size over the FLSA class action. Any discussion about class members is best left until class certification pursuant to Federal Rule of Civil Procedure 23. *See Kuhl v. Guitar Ctr. Stores, Inc.*, No. 07 C 0214, 2008 WL 656049, at *4 (N.D. Ill. 2008) ("At this point, the court has only to determine if it has the power to hear the claims; a potential problem with class certification down the road does not destroy the court's subject matter jurisdiction over the claims.").