

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SHAWN HOLBROOK, on behalf of himself and all others similarly situated | ) ) ) |
| Plaintiff, | ) Case No. 08 CV 385 ) ) Judge St. Eve |
| v. | ) ) Magistrate Judge Keys |
| MARRIOTT INTERNATIONAL, INC., | ) ) |
| Defendant. | ) ) |

## JOINT STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff Shawn Holbrook and Defendant Marriott International Inc. ("Defendant" or "Marriott"), possess documents, materials, and/or information subject to discovery that includes confidential information, trade secrets, and personal and/or proprietary business and financial information that the parties wish to keep confidential. Thus, pursuant to Fed. R. Civ. P. 26, it is agreed by and between Plaintiff and Defendant and hereby ORDERED, ADJUDGED, and DECREED by this Court that:

1. This Joint Stipulated Confidentiality and Protective Order (the "Order") governs the handling of all documents, testimony, and other information, including all copies, excerpts, and summaries thereof, defined below as "Confidential Material," and produced, given, or filed during discovery and other proceedings in this action.

2. For purposes of this Order, "Confidential Material" means: (a) trade secrets or other non-public proprietary, strategic, or commercial information, data, policies, or practices of Defendant; (b) any non-public information about a past, present, or potential employee of Defendant who is not party to this action, including personnel records, evaluations, compensation levels, time keeping records, statistical analyses, analyses of personnel practices,

or other information incorporating or aggregating information pertaining to individuals; and (c) any aggregation of confidential information.

3. Any party may designate as "Confidential" any material that it produces in the course of litigation (including appeals) when such party (in the case of a corporate party, through counsel) in good faith believes that such material meets the requirement for protection under the governing rules and precedents. Confidential Material may only be used in connection with this litigation (including appeals), and for no other purpose, and may not be disclosed to any person or entity except as expressly provided in this Order.

4. Confidential Material may be inspected only by the parties, employees of the parties, counsel of record for the parties, counsels' employees, designated persons who may be retained by the parties to furnish expert services or advice or to give expert testimony in this action, the Court, and the jury. Any additional disclosure of Confidential Material shall take place only pursuant to agreement of counsel or, absent agreement, pursuant to further order of this Court upon motion.

5. Confidential Material shall be designated as follows:
   (a) With regard to documents, the designation shall be made by placing "Confidential" on the pages of any such document before the production of the document(s).
   (b) With regard to deposition transcripts, the designation can be made by any party, no later than 30 business days after receipt of the deposition transcript, by providing notice in writing to the other party that all or any portion of the deposition transcript be designated as "Confidential" under the terms of this Order. Prior to the expiration of this 30-day period, all transcripts and the information contained therein, in whatever form, shall be deemed to be "Confidential" under the terms of this Order. All copies of deposition transcripts that contain Confidential Material shall be prominently marked "Confidential" on the cover thereof.

6. Before the disclosure of any Confidential Material to the parties, employees of the parties, and the parties' expert(s) pursuant to paragraph 4, counsel for the party receiving

Confidential Material shall provide a copy of this Order to such individual, and shall inform him or her that neither the Confidential Material nor the contents thereof may be disclosed to third parties, that the Confidential Material must remain in that person's custody until returned to counsel, that the Confidential Material is being disclosed pursuant to the terms, conditions, and restrictions of this Order, and that that person may not use the Confidential Material or contents thereof except for the purpose of this action and as permitted by this Order or further order of the Court.

      7.     If either party wishes to file any information or documents with the Court which the other party has designated as "Confidential," such material shall be filed under seal in a sealed envelope that shall contain on the front of such envelope the caption of this case and a statement indicating that the filing is under seal pursuant to this Order. This paragraph shall not apply to the use of any Confidential Material at trial or in conjunction with the filing or responding to a motion for summary judgment, although either party may seek a further order from the Court with regard to such issues if appropriate.

      8.     No party concedes that any material designated by any other party as Confidential Material does in fact contain or reflect confidential information, trade secrets, proprietary information, private or sensitive information, or has been properly designated as Confidential Material. Any party may, after 15 days advance written notice to the other party, move the Court for modification of or relief from this Order.

      9.     Within 30 days after the entry of a final judgment in this litigation, including appeals or petitions for review, counsel for the party who received Confidential Material shall return all copies of the Confidential Material received hereunder to counsel for the party who produced the Confidential Material. In the alternative, counsel for the party who received

Confidential Material may destroy all copies of the Confidential Material and deliver written correspondence to counsel for the party who produced the Confidential Material affirming that all copies of the Confidential Material were appropriately discarded and destroyed. With respect to any notes, summaries, digests, and synopses of Confidential Material prepared by a party's counsel, such materials need not be returned to the producing Party or destroyed in accordance with this provision, but the same shall be subject to this Order both during the pendency of this litigation and after final judgment is entered herein.

10. The termination of proceedings in this action shall not relieve any person to whom Confidential Material has been disclosed from the obligations of this Order, unless the Court orders otherwise.

11. In the event that any Confidential Material is used in any Court proceeding herein, it shall not lose its confidential status through such use, and the parties shall take such steps reasonably required to protect its confidentiality during such use.

12. Nothing herein shall preclude Plaintiff or Defendant from seeking and obtaining, upon an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material produced by a party in this lawsuit, that is not identified in paragraph 2 above.

13. Nothing contained herein shall prejudice the right of any party to object to the admissibility of the Confidential Material subject to this Order for any reason permissible under applicable law. In agreeing to this Order, the parties also do not waive any privilege or objections which they may have regarding Confidential Material.

14. The parties, by agreeing to this Order, are not waiving any rights they have to obtain information or materials, in whatever form, through the discovery rules as embodied in the Federal Rules of Civil Procedure.

15. The terms of this Order shall continue unless and until modified or terminated by further order of this Court or agreement of the parties.

SO ORDERED, this 16 day of April, 2008

_____
Amy J. St. Eve
UNITED STATES DISTRICT JUDGE

AGREED TO AND CONSENTED BY:

| /s/ Jeffrey J. Halldin | /s/ Colin M. Connor |
|---|---|
| Terrence Buehler | Noah A. Finkel |
| Jeffrey J. Halldin | Colin M. Connor |
| BUEHLER & WILLIAMS | SEYFARTH SHAW LLP |
| 161 North Clark Street, Suite 2210 | 131 South Dearborn Street, Ste. 2400 |
| Chicago, Illinois 60601 | Chicago, Illinois 60603 |

Daniel K. Touhy
TOUHY & TOUHY, LTD.
161 North Clark Street, Suite 2210
Chicago, Illinois 60601

Attorneys for Plaintiffs                                    Attorneys for Defendants

5

CH1 11456157.1